562 P.2d 1085

**The STATE of Arizona, Appellee,**

v.

**Laird Dwight KRILEY, Appellant.**

**No. 2 CA–CR 947.**

Court of Appeals of Arizona, Division 2.

Feb. 7, 1977.

**588**

Bruce E. Babbitt, Atty. Gen. by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

Sevrin J. Huselid, Globe, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of unlawful possession of marijuana in violation of A.R.S. § 36–1002.05. He received a suspended sentence and was placed on probation for one year and ordered to reimburse Gila County in the amount of $300. On appeal he challenges the trial court's denial of a motion to suppress.

Appellant was arrested when he and a friend, Steve Deiters, went to the Globe Police Department to visit Deiters' brother who was then incarcerated. Upon their entering the station, an officer advised Deiters that there was a complaint and warrant for his arrest for battery. At that time, the officer arrested Deiters. The officer testified that Deiters immediately reached into his jacket pocket and handed an object to appellant. Appellant then turned and started to leave the building. The officer restrained appellant and the police chief testified that he saw appellant make a motion with his hand and subsequently drop a narrow white cigarette. Appellant was then placed under arrest. It was judicially determined that Deiters' arrest was invalid because of a failure to comply with Rule 2.3, Arizona Rules of Criminal Procedure, requiring that a complaint be a sworn document.

The motion to suppress was based on a contention that since Deiters' arrest was invalid, acquisition of the marijuana cigarette was a fruit of that illegal police conduct and therefore subject to exclusion under the doctrine enunciated in *Wong Sun v. U. S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We can assume, arguendo, that the complaint was indeed invalid, but appellant's view of the application of *Wong Sun*, supra, is incorrect. Appellant states in his brief, "Had Mr. Deiters not been unlawfully arrested, the appellant would not have been arrested." That may very well be true, but it is of no consequence. The United States Supreme Court in *Wong Sun* answered this problem:

"We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" 371 U.S. at 487–88, 83 S.Ct. at 417.

The case at bench is a classic example of non-exploitation by the police. The police conduct was not aimed at eliciting any incriminating statements or evidence as was the case in *Wong Sun* and its progeny. The exclusionary rule is certainly not applicable here. Even though there may have been illegal police conduct, without exploitation of that conduct for the purpose of securing incriminating evidence, there is no reason to exclude evidence since the rule condemns exploitation by the police. Here there was none, and the motion to suppress was properly denied.

We have reviewed the entire record as is our duty under A.R.S. § 13–1715 and have found no fundamental error.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.